**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DEBRA M. BRAND | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  08-751 |
| | ) | |
| THE AMERITECH SICKNESS & | ) | Judge Leinenweber |
| ACCIDENT DISABILITY BENEFIT | ) | Magistrate Judge Denlow |
| PLAN, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE AND ADDITIONAL
DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, The Ameritech Sickness and Accident Disability Benefit Plan (hereinafter "Defendant" or the "Plan"), by its attorney, Stephen B. Mead, for its answer to Plaintiff's Complaint, states as follows:

1. Debra M. Brand ("Brand") is a resident of Lake County, Illinois.  Venue is proper in Cook County because the Defendant is doing business in that county and because all or some part of the transactions out of which Brand's claims arose occurred in that county.

**ANSWER:**  Defendant denies the allegations contained in Paragraph 1 of the Complaint, except to admit that Plaintiff is a resident of Lake County, Illinois, and that venue is proper in this court.

2. The Ameritech Sickness and Accident Disability Benefit Plan (the "Plan") is a welfare benefit plan within the meaning of Section 3(1) of the Employment Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1002(1).

**ANSWER:**  Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3. Brand is and at all times relevant to this Complaint was a beneficiary of the Plan within the meaning of Section 3(8) of ERISA, 29 U.S.C. § 1002(1), and is authorized by Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), to recover the benefits to which she is due under the term of the Plan and to enforce her rights to such benefits under the terms of the Plan.

**ANSWER:** Defendant admits the allegations contained in Paragraph 3 of the Complaint, but denies that Plaintiff is due any benefits under the terms of the Plan.

4. This Court has jurisdiction over this action pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

**ANSWER:** Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5. Brand suffers from diabetes. Her diabetic condition caused her to suffer from painful venous insufficiency and varicose veins in both of her legs. In 2006, her doctor recommended that she undergo surgical vein stripping procedures of both of her legs to alleviate the painful conditions in them. She underwent a vein stripping procedure on her right leg on March 2, 2006. She underwent a vein stripping procedure on her left leg as well as a procedure on her right ankle on April 13, 2006.

**ANSWER:** Defendant admits that Plaintiff underwent a vein stripping procedure on her right leg on march 2, 2006, and on her left leg and right ankle on April 13, 2006. Defendant is without information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 5 of the Complaint, and, therefore, denies those allegations.

6. As noted by the report submitted by Brand's surgeon in connection with her claim for disability benefits, her diabetic condition caused a slower healing process.

**ANSWER:** Defendant denies the allegations contained in Paragraph 6 of the Complaint, except to admit that Plaintiff's surgeon noted only that, "patient's diabetic condition causes slower healing process."

7. As a result of her March 2, 2006 and April 13, 2006 surgical procedures, Brand was "disabled," as that term is defined in the Plan, and unable to work from March 9, 2006 through May 28, 2006.

**ANSWER:** Defendant admits that the Plan approved Plaintiff's application for disability benefits for a period of time following both her March 2, 2006 and April 13, 2006 surgical procedures, but denies that Plaintiff submitted sufficient medical evidence, as required by the Plan, to establish that she qualified for Plan benefits for the entire period from March 9, 2006 through May 28, 2006, and, therefore denies those allegations.

8. Brand timely applied for disability benefits under the Plan as a result of her March 2, 2006 and April 13, 2006 surgical procedures.

**ANSWER:** Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9. The Plan approved and paid disability benefits from March 9, 2006 through March 16, 2006 due to the surgical procedure of March 2, 2006.

**ANSWER:** Defendant admits the allegations contained in Paragraph 9 of the Complaint.

10. The Plan denied disability benefits from March 17, 2006 through April 12, 2006 due to the surgical procedure of March 2, 2006.

**ANSWER:** Defendant admits the allegations contained in Paragraph 10 of the Complaint.

11. The Plan approved and paid disability benefits from April 13, 2006 though May 21, 2006 due to the surgical procedure of April 13, 2006.

**ANSWER:** Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12. The Plan denied disability benefits from May 22, 2006 through May 29, 2006 due to the surgical procedure of April 13, 2006.

**ANSWER:** Defendant admits the allegations contained in Paragraph 12 of the Complaint.

13.  Brand timely appealed the denial of disability benefits from March 17, 2006 through April 12, 2006 and from May 22, 2006 through May 29, 2006.

**ANSWER:** Defendant admits the allegations contained in Paragraph 13 of the Complaint.

14.  The Plan denied Brand's appeal on August 30, 2006.

**ANSWER:** Defendant admits the allegations contained in Paragraph 14 of the Complaint.

15.  The Plan's denial of disability benefits to Brand was arbitrary and capricious because the Plan failed to take Brand's diabetic condition into account in evaluating her disability and because the Plan failed to consider or provide reasonable accommodations for Brand's medical condition from March 17, 2006 through April 12, 2006 and from May 22, 2006 through May 29, 2006.

**ANSWER:** Defendant denies the allegations contained in Paragraph 15 of the Complaint.

WHEREFORE, Defendant, the Ameritech Sickness and Accident Disability Benefit Plan, by counsel, requests that Plaintiff take nothing by way of her Complaint, and that the Plan be awarded its costs, including attorneys' fees, in this matter, and all other relief as the Court deems proper.

### ADDITIONAL AND AFFIRMATIVE DEFENSES

**First Defense**

As the Plan vests the administrator with sole discretion to determine all questions arising in the administration, interpretation and operation of the Plan, its interpretations

are reviewed under a deferential standard and may not be disturbed by this Court unless arbitrary and capricious.

### Second Defense

To the extent that Plaintiff attempts to raise claims or issues outside of the administrative record or seeks to rely upon evidence not submitted to the Plan Administrator during the claim review process, such matters are barred by Plaintiff's failure to exhaust administrative remedies.

### Third Defense

Defendant's determinations regarding Plaintiff's benefits under the Plan are substantially justified and therefore Plaintiff is not entitled to an award of attorney's fees or costs pursuant to Section 502(g) of ERISA.

### Fourth Defense

To the extent that Plaintiff attempts to assert claims under state law or those that rely on common law claims or principles, such claims are preempted by ERISA.

### Fifth Defense

Plaintiff's remedies under ERISA are limited to equitable relief and any other claims or remedies, including but not limited to any claims for money damages, are barred.

### Sixth Defense

Plaintiff fails to state a claim upon which relief may be granted.

WHEREFORE, Defendant, the Ameritech Sickness and Accident Disability Benefit Plan, respectfully requests that judgment be entered in its favor and against Plaintiff, that Plaintiff's Complaint be dismissed with prejudice, that Defendant be awarded the costs of defending this action, and that this Court grant such other and further relief as it deems proper.

Date:  March 10, 2008                    Respectfully submitted,

**AMERITECH SICKNESS AND ACCIDENT DISABILITY BENEFIT PLAN**


s/     Stephen B. Mead
Stephen B. Mead
Attorney for Defendant

Stephen B. Mead
AT&T Services, Inc.
225 West Randolph Street, Floor 25
Chicago, IL 60606
(312) 727-3506
Stephen.Mead@att.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of March, 2008, I electronically filed the foregoing *Defendant's Answer and Affirmative and Additional Defenses to Plaintiff's Complaint* with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

>Douglas Belofsky
>Belofsky & Belofsky, P.C.
>33 North Dearborn Street
>Suite 2330
>Chicago, IL  60602
>Douglas@Belofsky.com

>s/     Stephen B. Mead
>Stephen B. Mead
>AT&T Services, Inc.
>225 West Randolph Street, 25th Floor
>Chicago, IL 60606
>312-727-3506
>Stephen.Mead@att.com